IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLIFTON A. WALLACE                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 5:15cv20-DCB-MTP

MANAGEMENT & TRAINING
CORP., ET AL                                                        DEFENDANTS

REPORT AND RECOMMENDATIONS

This matter is before the Court on the Motion for Summary Judgment [25] filed by

Defendants, Management & Training Corporation, Frank Shaw, Gabriel Walker, and Tira Jackson.

After considering the submissions of the parties, the record, and the applicable law, the undersigned

recommends that the Motion for Summary Judgment [25] be GRANTED, and this matter be

dismissed in its entirety without prejudice.

BACKGROUND

Plaintiff, Clifton Alexander Wallace, filed a suit against the Defendants pursuant to 42

U.S.C. § 1983 alleging violations of his constitutional rights. *See* Complaint [1] at 6.  The Plaintiff

was a post-conviction inmate in the custody of the Mississippi Department of Corrections housed

at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi at all times relevant

to this action. *Id*. at 5.  WCCF has been operated by Management & Training Corporation ("MTC")

since July 1, 2013 and Frank Shaw, Gabriel Walker, and Tira Jackson were employed by MTC and

served at WCCF during the times relevant to this action.  *See* Answer to Complaint [21] at 2.

Plaintiff filed this action on February 13, 2015 for claims that date back to July 29, 2014,

when he was first incarcerated at WCCF.  Plaintiff claims that lock down periods were instituted at

WCCF for months where Plaintiff was left in his cell without the ability to shower or go outside.

1

Plaintiff claims that these lock down periods also occurred with more than one inmate in a cell which led to sickness and violence.  Plaintiff also claims that the heating and air conditioning was broken or left off which led to difficult breathing and, on one occasion, exposure to freezing conditions for a week.  Plaintiff also claims that plumbing was left in disrepair for months and inmates went without working toilets or running water.  Plaintiff also claims that there was poor lighting and, in some cases, wires are left hanging from the ceiling which causes dangerous conditions.  Plaintiff also claims that noise levels are extreme, as three TVs are left on maximum volume continually and the inmates resort to screaming at each other or at guards to communicate.

The Defendants moved for Summary Judgment on October 15, 2015.  *See* Motion for Summary Judgment [25].  In support of the motion, Defendants offer the sworn affidavit of MTC employee Janice Fountain.  Fountain states under oath that a review of Wallace's records reflects that he did not file any grievances under the Administrative Remedy Program ("ARP").  The Court ordered the Plaintiff to respond to the Motion for Summary Judgment by November 25, 2015.  *See* Order [31].  Plaintiff, however, failed to respond to the Motion for Summary Judgment.[1]

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary

---

[1] Plaintiff submitted a letter after the Court ordered a response to the Motion for Summary Judgment.  The letter contains a new allegation but does not answer or reference the Motion for Summary Judgment. *See* Letter [32]. The Plaintiff also notified the Court of a change of address. *See* Change of Address [33].

support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted).  However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000).  Dismissal is mandatory where a prisoner fails to exhaust the available grievance process before the complaint is filed.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The United States Court of Appeals for the Fifth Circuit has upheld summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filing grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities.  Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may

seek formal review of a complaint relating to any aspect of their incarceration.  The ARP is a two-step process.  Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident.  If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response.  If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator.  A final decision will be made by the Superintendent, Warden, or Community Corrections Director.  If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.  *See McKinney v. Byrd*, 2013 WL 4500665, at * 2 n.2 (S.D. Miss. Aug. 21, 2013).

Exhaustion of administrative remedies is an affirmative defense and, thus, Defendants must plead and demonstrate the Plaintiff's failure to exhaust administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).   Janice Fountain, the Administrative Remedy Program Coordinator at WCCF, states in her sworn affidavit that Plaintiff did not submit any administrative grievances regarding the living conditions at WCCF.  *See* Fountain Affidavit, Exh. "A."  By submitting this affidavit, the Defendants have produced evidence that Plaintiff did not exhaust his administrative remedies.

In one of the Plaintiff's pleadings, he generally alleges that he submitted grievances at WCCF, but that they were ignored. *See* Response [11].[2]  However, as outlined above, the Plaintiff's records at WCCF indicate that he filed no grievances.  Additionally, the Court ordered the Plaintiff to respond to Defendants' Motion [25] and their argument that he failed to exhaust his available administrative remedies, but the Plaintiff failed to respond to the Motion [25] despite the Court's

---

[2] Plaintiff's pleading was filed in response to an Order [9] seeking additionally information regarding the Plaintiff's claims.

order directing him to do so. *See* Order [31].  The Plaintiff's general and unsubstantiated allegations cannot withstand a properly supported motion for summary judgment. *See Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014) (holding that an inmate's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances.").

Exceptions to the exhaustion requirement are appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prison bears the burden of demonstrating the futility or unavailability of administrative review. *Id.*  As Plaintiff has failed to respond to the motion for summary judgment, he also failed to demonstrate the applicability of any exception to the exhaustion requirement.

As the record contains no genuine issue of material fact as to Plaintiff's failure to exhaust his administrative remedies, Defendants are entitled to judgment as a matter of law, and this action should be dismissed without prejudice.

## **RECOMMENDATION**

For the reasons outlined above, the undersigned recommends that the Motion for Summary Judgment [18] be GRANTED, and this matter be dismissed without prejudice.

## **RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 11th day of January, 2016.

s/ Michael T. Parker
United States Magistrate Judge